## JACQUES v PRUDENTIAL INSURANCE COMPANY OF AMERICA

Ohio Appeals, 2nd Dist, Franklin Co.

No. 3045. Decided Oct. 19, 1939.

C. M. Addison and F. S. Monnett, Columbus, for plaintiff-appellant.

Carl H. Valentine, Columbus, for defendant-appellee.

## OPINION

By BARNES, J.

The above entitled cause is now being determined as an error proceeding by reason of defendant's appeal on questions of law from the judgment of the Court of Common Pleas of Franklin County, Ohio.

The action was tried to the Court and a jury on plaintiff's second amended petition and defendant's answer. At the close of plaintiff's testimony, the defendant interposed a motion for a directed verdict which was sustained; following the return of the verdict, plaintiff duly filed motion for new trial, which was overruled and judgment entered against the plaintiff, dismissing the petition and for costs.

This is the final order from which judgment is prosecuted in this court. Plaintiff's cause of action was predicated upon the claimed issuance of a policy of insurance upon the life of David H. Jacques in the sum of $5,580.00, and payable to Pauline S. Jacques, his wife and beneficiary. It is alleged that the policy of insurance was issued on the eighteenth day of February, 1936, and that the said David H. Jacques died on February 26, 1936.

The second amended petition contains the further usual allegations of performance of all conditions of the policy, notice and proof of death and demand for payment, no part of which has been paid. Paragraph 3 of the amended petition is apparently contradictory of portions of paragraph 2.

In paragraph 2 it is alleged that in consideration of the payment to the defendants of the annual premium of $100.00 in quarterly installments of $25.00, the defendant by its agent duly authorized, made, and delivered to the plaintiff its policy of insurance, etc. Paragraph 3 contains the allegation that "on the date of the application, to-wit January 29, 1936, the insured paid $2.50 which represented a payment on the policy applied for in the defendant company"; continuing, "on or about the 24th day of February, 1936, the plaintiff paid in cash the sum of $25.00 additional which was the full amount of the first quarter of the payment demanded by said defendant company."

Following the introduction of the testimony, counsel for plaintiff asked to amend the above quoted second paragraph so as to conform to the evidence by striking out the words "paid in cash the sum of $25.00" and interpolating therein, "tendered the balance claimed on the first quarterly installment."

The answer of the defendant admitted its corporate entity and that it was doing business as a life insurance company at Columbus, Ohio; then follows a general denial.

Appellant's assignments of error are set out in fourteen separately numbered specifications; Nos. 1, 2, 3, 4, 5, 10, and 13 may be considered together since in varying language they question the correctness of the trial court's action in sustaining the motion for a directed verdict.

These assignments of errors require a full and thorough examination of the transcript of the evidence. If the evidence considered in its most favorable aspect in the light of the pleadings, presents the factual questions upon which reasonable minds might differ,

then the action of the trial court would be erroneous; otherwise it would not.

In substance, the following facts are conclusively shown from the record: On January 29, 1936, applicant made an advance payment of $2.50 to A. Cain, agent, on account of a policy applied for in the Prudential Insurance Company of America. Mr. Cain, the agent, gave a receipt for the amount, and among other things, the receipt contained the following:

"It is understood that no agent has power in behalf of the company to make or modify any applications for insurance, or to bind the company by making any promise or representation, but if the above payment is equal to the full first premium on said policy (and not otherwise), the insurance will take effect from the date of the application, in accordance with the provisions of the policy applied for, provided said application is approved and accepted at the home offce of the company in Newark, New Jersey, under the plan for premium paid and amount of insurance applied for."

Contemporaneous therewith and dated January 30, 1936, David H. Jacques executed on the regular blank of the insurance company his application for the policy of insurance aforementioned. The application, among other things, contains the statement that $2.50 was paid in advance on account and then the following question and answer, 18th:

"Q. Is this the first full premium (answer yes or no)?
A. No."

The first full premium was $18.40. The application contained this further provision:

"I further agree that the policy herein applied for shall be accepted subject to the privileges and provisions therein contained, and that UNLESS the full first premium is paid by me at the time of making the application, the policy shall not take effect until issued by the company and received by me, and the full first premium thereon is paid, while my health, habits, occupation, and any other condition of fact, material to the risk represented by statements in the application, remain the same as described therein."

On February 18th the insurance company at its New Jersey office duly executed its policy of insurance on the life of David H. Jacques with photostatic copy of the application appended on the third page and thereafter mailed same to their Columbus agency for delivery.

On Saturday, February 22, 1936, the Columbus office handed the policy to Mr. Cain for delivery. On February 25, 1936, the agent, Mr. Cain, having heard Mr. David H. Jacques was sick, went to the store where the applicant then worked and after contacting the father, learned the applicant was in the hospital at that time. Mr. Cain had the policy with him and on request of the father permitted him to see it, but advised that it could not be delivered for the reason that applicant's health was not the same as when the application was signed. The father of the applicant made a verbal offer to pay the balance of the first installment, but was advised by Mr. Cain, the agent, that same could not be accepted.

As heretofore stated, the applicant, David H. Jacques, died the following day, February 26, 1936, having been in the hospital since Sunday, February 23. He worked all day Saturday and became seriously sick late Saturday night or early Sunday morning. From the above statement of facts, the question as to delivery of policy at once suggests itself. It is the contention of counsel for plaintiff that when the company at their New Jersey office executed the policy and sent it to Columbus for transmission to the insured the delivery was complete on its arrival in Columbus. Further claim made that Mr. Cain, the Columbus agent, was not only agent for the insurance company but also for the insured, and that when he

received the physical possession of the policy on Saturday, February 22, such possession would constitute a delivery to the insured.

Also, the further claim that Mr. Cain was negligent in holding the policy until February 25th when, in the exercise of due diligence, he could have delivered it and received the balance of the insurance payment on the same day and at a time when the insured was in good health.

Mr. Cain was at all times the Agent of the insurance company and in no sense was agent of Mr. Jacques. The execution of the policy in the New Jersey office would not constitute a contract of insurance until the policy was delivered or at least until the full amount of the first installment had been paid. The question of delay in delivery may not be raised in the absence of a showing that the full initial payment had been paid. The company or its Columbus agent could delay delivery of policy at will so long as the applicant was in default for payment of the first premium. The payment of the first premium and the delivery of the policy were mutual obligations.

Under the terms of the application, the agent, Cain, was within his right in declining to deliver policy when he learned that Mr. Jacques was not in the same condition of health as when he signed the application. The voluntary proffer of Mr. Jacques' father to pay the balance of the first installment would not alter the situation. Under the state of the Record, it is our conclusion that the trial court acted properly in directing a verdict for the defendant. **State Life Insurance Company v Harvey, 72 Oh St 174, Syl. 7.**

The assignment of errors raises other questions which are discussed in the brief and require attention. The trial court sustained motions to both the original petition and the first amended petition through which certain allegations were eliminated. It is very rare that the trial court's actions on motion or demurrer are prejudicial, where subsequent amended pleadings are filed and thereby all pertinent facts or questions are presented.

The original petition, in addition to allegation of tender, contained the following:

"In addition to said tender, the defendant company had in its possession accrued assets belonging to said decedent for other insurance on said decedent, the present worth of which was upwards $500.00 more than enough to pay the entire premium for the first five years."

This allegation is rather vague and indefinite, but the amended petition definitely discloses that the claim was made that plaintiff had other policies with the Prudential Life Insurance Company which had a surrender value.

The trial court determined that in the absence of a direct authorization from the insured the company would have no right to take from the cash surrender value and apply on this first installment premium. On this principle of law the court was correct.

Counsel for plaintiff referred to numerous cases touching the duty and obligation of insurance companies to apply cash surrender values in order to save forfeiture.

Most of these cases arise where there was a cash surrender value in the identical policy sought to be forfeited.

A few of the cases go to the extent authorizing the application of cash surrender values in one policy to prevent the forfeiture in another existing policy.

None of these cases has application to the instant case for the reason that no policy existed and, hence, there could be no question of forfeiture.

In sustaining of motion to strike items 4, 5, 6, 7 and 8 of the first branch of defendant's motion was not preju-

dicial since nothing of substance was taken thereby from the petition.

The sustaining of demurrer to interrogatories (six in number) appended to original petition was not prejudicial for the reason that under the language of the petition none of the interrogatories was pertinent. The action of the trial court in sustaining the motion striking items 1 and 3 of the second branch from the amended petition was not prejudicial for the reason that this action took nothing of substance from the petition.

Under items 6, 7, 8, 9, and 10, amended petition made more definite and certain allegation contained in the original petition. This paragraph in the amended petition contained allegations in substance and to the effect that Mr. David H. Jacques had other policies of insurance in the defendant company, all of which had cash surrender values which were available to the defendant company in full payment of premiums due.

It is our conclusion that the trial court was correct in its determination that this paragraph relative to other insurance policies and the amount of their cash surrender value should be stricken from the petition in the absence of any allegation of the applicant to have the cash surrender value applied.

We have examined the other assigned errors but find nothing prejudicial.

We have been favored with the very able opinion of the trial court in overruling motion for new trial. We adopt it in its entirety as applicable to the various questions presented to us.

Finding no prejudicial error, the judgment of the trial court will be affirmed and costs adjudged against the applicant.

HORNBECK, PJ. and GEIGER, J., concur.